**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 8, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JESUS FAJARDO-ZAMORA,

    Defendant - Appellant.

No. 16-4068
(D.C. No. 2:16-CR-00029-DN-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON,** and **BACHARACH**, Circuit Judges.
_____

Federal prisoner Jesus Fajardo-Zamora appeals his sentence. His appointed counsel has submitted an *Anders* brief stating this appeal presents no non-frivolous grounds for reversal. We have carefully reviewed the record, and we agree. Exercising jurisdiction under 28 U.S.C. § 1291, we grant counsel's motion and dismiss the appeal.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I. BACKGROUND

## A. *Conviction and Sentence*

Mr. Fajardo-Zamora pled guilty to a single count of reentry of a previously removed alien, in violation of 8 U.S.C. § 1326. The Presentence Investigative Report ("PSR") recommended a total offense level of 21 and a criminal history category of III. The offense level included a 16-level adjustment based on Mr. Fajardo-Zamora's prior drug-trafficking conviction. The PSR also recommended a two-level reduction based on his consent to have his case resolved through the district court's fast-track program. The fast-track reduction moved the United States Sentencing Guidelines ("Guidelines") range from 46-57 months to 37-46 months.

Mr. Fajardo-Zamora withdrew from the fast-track program at his change of plea hearing and argued for a below-Guidelines sentence of 24 months based on his health, age, and reason for returning to the United States. The district court "recognized [Mr. Fajardo-Zamora's] age is a factor" but also discussed his criminal history and expressed "concerns about this defendant's past [criminal] involvement." ROA, Vol. III at 13. In the end, the court imposed a 37-month sentence.

## B. **Anders *Brief***

Mr. Fajardo-Zamora appeals the district court's sentence. His appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), which

> authorizes counsel to request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous. Under *Anders*, counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court.

> The Court must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citations omitted).

Counsel indicates two potential issues on appeal: (1) "[w]hether the district court erred in declining to vary downward to a greater degree," and (2) "[w]hether the district court committed plain error in failing to explain the sentence adequately." *Anders* Br. at 1. But counsel states neither argument was meritorious and seeks to withdraw given the absence of non-frivolous arguments on appeal.

The Clerk of Court sent a letter to Mr. Fajardo-Zamora informing him that his counsel had filed an *Anders* brief and explaining that he had 30 days to file a responsive brief. Mr. Fajardo-Zamora has not filed a response.

## II. **DISCUSSION**

### A. *Below-Guidelines Variance*

The first issue in the *Anders* brief is whether the district court erred in declining to vary downward to a greater extent. Because Mr. Fajardo-Zamora withdrew from the fast-track program, he no longer qualified for a two-level reduction, and his base offense level was 21 with a Guidelines range of 46-57 months. Nevertheless, the district court imposed a below-Guidelines sentence of 37 months.

We review all sentences "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). "A sentence is substantively unreasonable if the length of the sentence is unreasonable given the totality of the circumstances in light of

the 18 U.S.C. § 3553(a) factors." *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008). A sentence that falls below the advisory guideline range is presumptively reasonable. *United States v. Perez-Jiminez*, 654 F.3d 1136, 1146-47 (10th Cir. 2011).

Here, the district court considered Mr. Fajardo-Zamora's age and criminal history and imposed a below-Guidelines sentence. The sentence was presumptively reasonable, and we have uncovered nothing in the record to suggest it was "arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Lente*, 759 F.3d 1149, 1158 (10th Cir. 2014). There are no non-frivolous grounds for reversal based on a challenge to the substantive reasonableness of the sentence.

### B. *Adequate Explanation for the Sentence*

The second issue in the *Anders* brief is whether the district court adequately explained the sentence. Mr. Fajardo-Zamora did not raise this issue at the sentencing hearing, which subjects it to plain error review on appeal. *United States v. Romero*, 491 F.3d 1173, 1177 (10th Cir. 2007) (stating plain error applies to unpreserved argument that the district court did not adequately explain the sentence).

"The [district] court, at the time of the sentencing, shall state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). But the court "is generally not required to articulate its reasoning for each of the § 3553 factors." *United States v. Sanchez-Leon*, 764 F.3d 1248, 1266 (10th Cir. 2014). Nor is the court required to "recite any magic words to show us that it fulfilled its responsibility to be mindful of the [§ 3553] factors." *United States v. Contreras-Martinez*, 409 F.3d 1236, 1242 (10th Cir. 2005) (quotations omitted). "Even when the sentencing court varies from

- 4 -

the [G]uidelines, it need not explicitly discuss each of the § 3553(a) factors." *United States v. Gantt*, 679 F.3d 1240, 1249 (10th Cir. 2012).

When explaining the sentence, the district court acknowledged Mr. Fajardo-Zamora's age, but also expressed concern with his past criminal conduct. ROA, Vol. III at 13. We have reviewed the record and have found no non-frivolous arguments that the district court's explanation for the sentence was plainly erroneous.

### III. CONCLUSION

Our independent review found no non-frivolous grounds for reversal based on the issues identified in the *Anders* brief, nor did it uncover any other non-frivolous grounds. We therefore grant counsel's motion to withdraw and dismiss this appeal.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge